UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**JAMES K. BREDAR**<br>**U.S. MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-0950**<br>**(410) 962-2985 FAX** |

September 1, 2004

| | |
|---|---|
| Francis James Tennies, Esquire<br>InCap Group, Inc.<br>320 North Charles Street<br>Baltimore, Maryland   21201 | Michael J. McManus, Esquire<br>Mary Kohart, Esquire<br>Drinker Biddle and Reath, LLP<br>1500 K Street, NW - Suite 1100<br>Washington, DC   20005 |

Subject: *Incap Service Company v. The Community Reinvestment Act Qualified Investment Fund*
         Civil Action No. CCB-04-1592

Dear Counsel:

   Please be advised that a settlement conference in the above-captioned case has been scheduled for **Tuesday, October 19, 2004, at 10:00 a.m.** to be held in my chambers (Room 8C, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland).  It is required that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is not sufficient.  *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

   No later than **Tuesday, October 12, 2004,** I would like to receive from each party a short letter candidly setting forth the following:

   1. Facts you believe you can prove at trial;

   2. The major weaknesses in each side's case, both factual and legal;

   3. An evaluation of the maximum and minimum damage awards you believe likely;

   4. The history of any settlement negotiations to date; and

   5. Estimate of attorney's fees and costs of litigation through trial.

   The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference.  I also will review the pleadings in the court file.  Additionally, if you want me to review any

Letter to Counsel - *Incap Service Co v Community Reinvestment Act*
Page Two
September 1, 2004

case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d).

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/cw
cc: The Hon. Catherine C. Blake
    Court file
    Chambers file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.